UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KIRSHA BROWN, | ) | |
| | ) | Case No. 2:10-cv-00921-RLH-PAL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ROBER DILLMAN, et al., | ) | (IFP & Complaint - Dkt. #1) |
| | ) | |
| Defendants. | ) | |

Plaintiff Kirsha Brown is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on June 15, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*.  See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Lastly, Title 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Plaintiff filed her complaint on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (*citing Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). Plaintiff's Complaint does not state a claim under 42 U.S.C. § 1983.

Plaintiff's Complaint alleges that Defendants "participated in an act of discrimination, harassment, and retaliation in regards to [her] college education." Plaintiff states that she was expelled and "kicked out of college." Plaintiff alleges these acts were "committed as a direct order by the LVPD & FBI etc." as a direct result of her "government target status" with the intent to "violate [her] right to an education." She asserts this lawsuit is related to her lawsuits filed against the Las Vegas

Metropolitan Police Department, the Federal Bureau of Investigation, and Kaplan College.  Plaintiff seeks one hundred million dollars in damages.

      Plaintiff also sent a letter to the court on June 21, 2010.  *See* Letter, Dkt. #3.  Plaintiff asserts that the Las Vegas Metropolitan Police Department and the Federal Bureau of Investigation are interfering with her ability to do things, including obtain a job, go to college, and obtain Social Security benefits.  She asserts that she is unable to lead a normal life because of the harassment she endures from law enforcement.  She also states that there are gang-stalking perpetrators as young as five years old, and that they employ "RFID/Microwave/Voice-to-Skull technology as a form of psychological harassment, torture, privacy intrusion, and electronic harassment."  Plaintiff laments that she must lead a life of isolation to avoid gang-stalkers who attempt to gain inside information on her life.

      Plaintiff may be attempting to state a claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, or under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  Title IX provides, in pertinent part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681.  Similarly, Title VI prevents discrimination based on race, color, or national origin by any program or activity receiving federal financial assistance.  *See* 42 U.S.C. § 2000d.  However, Plaintiff has not stated any facts to support her claim, nor has she alleged upon what basis she was discriminated against, retaliated against, or harassed.  Plaintiff's Complaint merely makes conclusory statements that she was discriminated against, retaliated against, and harassed based upon her "target status."  Thus, Plaintiff's Complaint will be dismissed with leave to amend.

      If Plaintiff chooses to amend the complaint, she must set forth the grounds upon which the court's jurisdiction depends.  Fed. R.Civ. P. 8(a); LR 8-1.  In addition, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in

an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has also filed a Motion for Request for Assistance with Service of Summons, Motions/Legal Pleadings Etc. (Dkt. #4). The motion requests assistance because of the "immense amount of filed cases, in which [sic] requires the constant filing of legal documents." She states that she wants to ensure parties are served correctly. Because Plaintiff is proceeding *in forma pauperis*, her Complaint must be screened before it is served. *See* 28 U.S.C. § 1915(e). If Plaintiff were to state a claim, the court would direct the Clerk of Court to prepare summons, and service of the Complaint on Defendants and service of Plaintiff's Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure would be effected by the United States Marshal's Service because Plaintiff is proceeding *in forma pauperis*. The court has now screened Plaintiff's Complaint and finds that it should be dismissed. Therefore, Plaintiff's Motion for Assistance (Dkt. #4) will be denied.

Accordingly,

1. The Clerk of the Court shall file the Complaint.
2. Plaintiff's Complaint shall be **DISMISSED** with leave to amend. Plaintiff shall have **thirty days** from the date of this order to file her Amended Complaint, if she believes she can correct the noted deficiencies. Failure to comply with this order will result in a recommendation to the District Judge that the Complaint be dismissed.

Dated this 9th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE